**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 15 2016

FOR THE NINTH CIRCUIT


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS,

Plaintiff - Appellant,

v.

FEDERAL INSURANCE COMPANY,

Defendant - Appellee.

No. 13-56402

D.C. No. 2:11-cv-07123-DMG-VBK

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted October 22, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and PONSOR,[**] Senior District Judge.

Screen Actors Guild - American Federation of Radio and Television Artists

(SAG) appeals the district court's decision denying its motion for summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

judgment and granting defendant-Appellee Federal Insurance Company's (Federal) motion for summary judgment. Because SAG has not identified a covered Loss for which Federal breached its duty to indemnify, SAG's claims for breach of contract and for breach of the covenant of good faith and fair dealing fail. *See Davis v. Farmers Ins. Grp.*, 134 Cal. App. 4th 100, 105 (2005) (explaining that "[t]he first step in any insurance coverage dispute is to determine whether the insuring provisions of the policy afforded coverage for the alleged losses").

SAG is not entitled to coverage based solely on a claim for attorney's fees untethered to any insurable Loss. *See Health Net, Inc. v. RLI Ins. Co.*, 206 Cal. App. 4th 232, 257 (2012) (holding that "the claim for attorney's fees is covered only to the extent it arises out of the covered wrongful acts.") Under California law, a pre-existing obligation is not a covered loss. *See August Entm't, Inc. v. Philadelphia Indem. Ins. Co.*, 146 Cal. App. 4th 565, 578 (2007). As SAG admittedly had a pre-existing obligation to pay the foreign levy funds to the state court plaintiffs, SAG's failure to honor that obligation is not a covered Loss as a matter of law. *See id*. Accordingly, SAG is not entitled to coverage for the $330,000.00 in attorney's fees assessed against SAG in the state court case, because the award was based on the state court plaintiffs' success in securing payment of the pre-existing obligation. *See Health Net*, 206 Cal. App. 4th at 257

(emphasizing that "[c]overage cannot be bootstrapped based solely on a claim for attorney's fees").

**AFFIRMED.**